15-1192-cv (L)
Bernstein v. Village of Wesley Hills

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
                        <u>Circuit Judges</u>
         JANE A. RESTANI,[1]
                        <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
RABBI JAMES BERNSTEIN, MOSHE AMBERS, BEATRICE ZAKS, SIMA ZAKS, NAFTOLI TESHER, MOSDOS CHOFETZ CHAIM, INC.,
         <u>Plaintiffs-Appellants</u>,

YESHIVA CHOFETZ CHAIM, INC., RABBI MAYER ZAKS, RABBI ARYEH ZAKS, RABBI NAFTOLI SOFER, MILTON B. SHAPIRO, SONYA SHAPIRO, THE TOWN BOARD OF THE TOWN OF RAMAPO,
         <u>Plaintiffs</u>,

---

[1]    Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

-v.-                                              15-1192 (Lead)
                                                  15-1195 (Con)

THE VILLAGE OF WESLEY HILLS, THE MAYOR
AND BOARD OF TRUSTEES OF THE VILLAGE OF
WESLEY HILLS, ROBERT H. FRANKL, in his
official capacity, DAVID A GOLDSMITH,
in his official capacity, ROBERT I.
RHODES, in his former official
capacity, JAY B. ROSENSTEIN, in his
former official capacity, EDWARD B.
MCPHERSON, in his official capacity,
THE VILLAGE OF POMONA, THE MAYOR AND
BOARD OF TRUSTEES OF THE VILLAGE OF
POMONA, THE VILLAGE OF CHESTNUT RIDGE,
THE MAYOR AND BOARD OF TRUSTEES OF THE
VILLAGE OF CHESTNUT RIDGE, THE VILLAGE
OF MONTEBELLO, THE MAYOR AND BOARD OF
TRUSTEES OF THE VILLAGE OF MONTEBELLO,
          <u>Defendants-Appellees</u>.

THE VILLAGE OF NEW HEMPSTEAD, THE MAYOR
AND BOARD OF TRUSTEES OF THE VILLAGE OF
NEW HEMPSTEAD, ROBERT A. MOSKOWITZ,
TRSUTEE OF THE VILLAGE OF NEW
HEMPSTEAD, in his individual and former
official capacity, FORMER MAYOR
HERBERT I. MARSHALL, in his individual
and former official capacity, MAYOR OF
POMONA NICHOLAS L. SANDERSON, in his
individual and official capacity, JOHN
DOE 1-37, JEROME KOBRE, MAYOR OF THE
VILLAGE OF CHESTNUT RIDGE, in his
individual and official capacity,
TRUSTEE HOWARD L. COHEN, in his
individual and official capacity,
KATHRYN ELLSWORTH, FORMER MAYOR OF
MONTEBELLO, in her individual and
former official capacity, MAYOR OF
MONTEBELLO JEFFREY OPPENHEIM, in his
individual and official capacity,
SCENIC DEVELOPMENT, LLC, TOWN OF

2

**RAMAPO, THE PLANNING BOARD OF THE TOWN OF RAMAPO, THE BOARD OF APPEALS OF THE TOWN OF RAMAPO,**

　　　　**<u>Defendants</u>.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**　　　　JOSEPH J. HASPEL, Goshen, NY.

**FOR VILLAGES APPELLEES:**　MICHAEL D. ZARIN (Jody T. Cross, <u>on the brief</u>), Zarin & Steinmetz, White Plains, NY.

**FOR POMONA APPELLEES:**　GREGORY R. SARACINO, Milber Makris Plousadis & Seiden, LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-appellants, religious organizations and affiliated individuals (collectively, the "Mosdos Plaintiffs"), appeal from the judgment of the United States District Court for the Southern District of New York (Karas, <u>J</u>.) granting summary judgment dismissing their discrimination complaint against villages and current and former officials for those villages (collectively, the "Villages Defendants"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Mosdos Plaintiffs are affiliated with the Chofetz Chaim sect of Orthodox Judaism and reside in the Town of Ramapo, New York (the "Town"). The Villages Defendants are incorporated villages located within the Town, and various associated officials. In 2001, the Town initiated a review of its local zoning laws, and in 2004, passed the Adult Student Housing Law ("ASHL") to permit the construction and operation of adult student living facilities in certain residential zones. Pursuant to the ASHL, predecessors to the Mosdos Plaintiffs

3

applied for site plan approval for the construction of an adult student housing facility ("Kiryas Radin") on a property (the "Nike Site") located near the Villages Defendants. As was required by New York's State Environmental Quality Review Act ("SEQRA"), the Town's Planning Board conducted an analysis on the impact the construction of Kiryas Radin would have on the environment and concluded that it would not be significantly adverse. Accordingly, the Town's Planning Board cleared the Mosdos Plaintiffs to build Kiryas Radin on the Nike Site.

As the Town's Planning Board finished its SEQRA review, a subset of the Villages Defendants filed a lawsuit in New York state court to challenge the ASHL and the Town Planning Board's SEQRA analysis (the "SEQRA Action"). In response, the Mosdos Plaintiffs filed counterclaims under 42 U.S.C. § 1983 alleging violations of the Free Exercise and Free Speech clauses of the First and Fourteenth Amendments, the Fair Housing Act, and the Religious Land Use and Institutionalized Persons Act.

While the parties litigated the SEQRA Action, the Mosdos Plaintiffs also filed a new action in federal court against the Villages Defendants, bringing claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3) alleging violations of the Free Exercise, Establishment, and Free Association clauses of the First and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, the Fair Housing Act, and various state laws (the "Equal Protection Action"). The core allegation in the Equal Protection Action was that the Villages Defendants filed the SEQRA Action for discriminatory reasons.

On March 31, 2010, the district court dismissed all of the Mosdos Plaintiffs' claims in the Equal Protection Action on the ground that the Villages Defendants were entitled to qualified immunity. Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills, 701 F. Supp. 2d 568, 604 (S.D.N.Y. 2010) (Mosdos I). The district court's analysis turned on applying the Noerr-Pennington doctrine[2] to the Mosdos Plaintiffs' civil rights claims. The district court held that for the Mosdos

_____

[2]    The name derives from two cases from the 1960s in which the Supreme Court applied the First Amendment in the antitrust context. See E. R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers of Am. v. Pennington, 381 U.S. 657 (1965).

4

Plaintiffs to make out a discrimination claim based on the filing of the SEQRA Action, they had to allege that (i) they were selectively treated compared with others similarly situated, and (ii) the selective treatment was motivated by an intention to discriminate on the basis of, inter alia, religion. Id. at 603. Because the initial complaint failed to allege facts to show that similarly situated properties were treated differently, the district court dismissed the complaint without prejudice.

On September 26, 2011, the district court granted in part and denied in part the Villages Defendants' motion to dismiss the amended complaint in the Equal Protection Action. Mosdos Chofetz Chaim Inc. v. Village of Wesley Hills, 815 F. Supp. 2d 679, 683 (S.D.N.Y. 2011) (Mosdos II). The district court concluded that the Mosdos Plaintiffs had adequately specified six similarly situated sites that the Villages Defendants did not treat the same as the Nike Site, that is, the Villages Defendants did not file a lawsuit to block the development on those sites. Id. at 700-04. Accordingly, discrimination claims against the Villages Defendants proceeded to discovery.

Meanwhile, the SEQRA Action continued. Though the subset of the Villages Defendants litigating the SEQRA Action persuaded a state court to grant them a preliminary injunction and temporary restraining order against the Kiryas Radin construction, their claims were eventually dismissed on the merits. As a result, on December 5, 2012, the Mosdos Plaintiffs removed the SEQRA Action to federal court to pursue their counterclaims; there, it was consolidated with the Equal Protection Action.

On March 27, 2015, the district court granted summary judgment to the Villages Defendants on the Mosdos Plaintiffs' claims in the Equal Protection Action and their counterclaims in the SEQRA Action. Bernstein v. Village of Wesley Hills, 95 F. Supp. 3d 547, 551 (S.D.N.Y. 2015) (Mosdos III). The district court concluded that the Mosdos Plaintiffs failed to produce evidence sufficient to raise a genuine issue of material fact as to similarly situated sites that were treated differently or as to whether the Villages Defendants acted out of discriminatory animus. The district court also rejected the

5

Mosdos Plaintiffs' argument that they had a valid RLUIPA claim based on this Court's opinion in Fortress Bible Church v. Feiner, 694 F.3d 208 (2d Cir. 2012). In this appeal, the Mosdos Plaintiffs challenge only the determination that they failed to present sufficient evidence to sustain their discrimination claims against the Villages Defendants.

We review de novo a district court's grant of summary judgment. Noll v. Int'l Bus. Mach. Corp., 787 F.3d 89, 93 (2d Cir. 2015). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In assessing the record to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." Noll, 787 F.3d at 94 (internal brackets and citation omitted). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law" and as to which "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**1.** As an initial matter, the Mosdos Plaintiffs do not appeal from Mosdos I or Mosdos II. Their Pre-Argument Statement (Form C) states that they are only appealing from a summary judgment order and that the only issues raised on appeal are those that concern the summary judgment opinion in Mosdos III. The Mosdos Plaintiffs' brief represents that the only issue presented is whether the district court properly granted summary judgment for the Villages Defendants, and the only opinion included in the Mosdos Plaintiffs' Special Appendix is Mosdos III. The Villages Defendants argue at length in their brief that the Mosdos Plaintiffs are not appealing from Mosdos I or Mosdos II and the Mosdos Plaintiffs do not rebut this contention in their reply. Accordingly, we lack jurisdiction to review the district court's opinions in Mosdos I and Mosdos II. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995). The remaining issue before us is whether the district court properly granted summary judgment for the Villages Defendants. We assume without deciding that the district court's Noerr-Pennington-based analysis for determining

6

whether the Villages Defendants are entitled to qualified immunity, detailed in Mosdos I and Mosdos II, is correct.

**2.** Turning to Mosdos III, the district court's thorough and well-reasoned opinion demonstrated that the Mosdos Plaintiffs failed to produce evidence sufficient for a jury finding either that (i) there were similarly situated sites or (ii) the Villages Defendants acted out of discriminatory animus. Kiryas Radin is a residential complex containing sixty residential units at a density of 12.8 units per acre and a number of non-residential buildings. The Nike Site sits on a two-lane road of low-to-moderate capacity, is surrounded by a low-density residential district that contains mostly single family homes, and is approximately one mile from the nearest commercial development. The Mosdos Plaintiffs failed to provide credible evidence that any of the purported comparable sites were similarly situated, e.g., that they had a similar impact on traffic and community character, or that the Villages Defendants knew of the comparable sites before they were built. The Mosdos Plaintiffs also failed to offer evidence that the Villages Defendants were driven by discriminatory animus in bringing the SEQRA Action. Rather, there is no real dispute that the Villages Defendants were motivated by a genuine concern that the ASHL and Town's SEQRA analysis would result in adverse effects on the environment. Accordingly, we conclude that the Villages Defendants are entitled to qualified immunity on the Mosdos Plaintiffs' claims and counterclaims.

The Mosdos Plaintiffs raise one additional issue. They assert that Fortress Bible provides them with either a cause of action or a theory of discrimination that sustains their claims. It does neither. Fortress Bible concerned a municipality abusing the SEQRA review process as a vehicle for executing its zoning regulations in connection with a church's land use proposal for a site located within that municipality's jurisdiction. Here, the Villages Defendants – none of which had jurisdiction over the Nike Site or Kiryas Radin project – filed a lawsuit to challenge some other municipality's SEQRA review. Fortress Bible is inapposite.

Accordingly, and finding no merit in Mosdos Plaintiffs' other arguments, we hereby **AFFIRM** the judgment of the district court.

<div style="margin-left: 45%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>